**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                         **CRIMINAL ACTION NO.: 3:14-CR-57
(JUDGE GROH)**

**TONY ALLEN REDMAN,
a/k/a "DUCK,"**

    Defendant.

## <u>ORDER OF PRETRIAL CONFERENCE</u>

On February 12, 2015, the parties in the above-styled criminal case appeared before the Court for a pretrial conference. The United States was present by Assistant United States Attorney Jarod J. Douglas. Defendant Tony Allen Redman was present in person and by counsel William Francis Xavier Becker.

As an initial matter, the Court addressed the Defendant's two motions in limine. The Defendant's first motion in limine, [ECF 20], concerned video evidence. After hearing argument, the Court **DENIED** the Defendant's first motion in limine. The Court then turned to the Defendant's second motion in limine, [ECF 38], which concerned evidence relating to unindicted coconspirators. After hearing argument, the Court **DENIED** the Defendant's second motion in limine.

Next, the Court considered the proposed verdict forms submitted by the parties. The Court found that the Defendant's proposed verdict form was not appropriate, given the nature of the criminal charges in this case. Accordingly, the Court will not adopt the Defendant's proposed verdict form when this case proceeds to trial.

The Court then reviewed the Defendant's proposed voir dire. The United States objected to a portion of the Defendant's voir dire introduction, which described the Defendant's employment. The Court **SUSTAINED** the United States' objection. Accordingly, the pertinent portion of the Defendant's voir dire introduction will not be given at trial. Upon reviewing the parties' proposed jury instructions, the Court **ORDERED** the Defendant to submit a revised copy of his proposed jury instructions, with each instruction numbered.

At the Court's request, the Government was prepared to review the most recent plea offer that was made to the Defendant. The Defendant stated that he had not reviewed the most recent plea offer. Then, the Defendant moved for the Court to appoint new counsel. The Court instructed Mr. Redman that, were his request for new counsel to be granted, his trial would need to be delayed so that his new counsel could prepare. Mr. Redman confirmed that he wanted new counsel and expressed an understanding of the necessary delay.

Mr. Becker, Mr. Redman's attorney, then addressed the Court. Mr. Becker informed the Court in great detail how he had met with Mr. Redman and spoken to him on multiple occasions, and how the two had discussed both plea offers the United States had made in the case. Mr. Becker informed the Court that he had reviewed all of the evidence in this case with his client on multiple occasions. The Court found that Mr. Becker had fulfilled all of his obligations in representing his client and that the Defendant's request for substitution of counsel was a delay tactic.

However, based upon Mr. Becker's adamant assertion to the Court, when asked, that the Defendant's accusations have infuriated and insulted him to the extent that the

attorney-client relationship had been irreparably damaged such that he felt he could no longer represent the Defendant, the Court **GRANTED** the Defendant's motion to substitute counsel. The Court **ORDERED** that new counsel be appointed to represent the Defendant and relieved Mr. Becker of further representation in this case. Accordingly, the Court found good cause to continue the trial in this matter, so that the Defendant's new counsel will have the opportunity to prepare for trial. The Government did not object to the continuance. The Court **ORDERED** that the trial in this matter is hereby **CONTINUED** until March 24, 2015 at 9:00 a.m., with a pretrial conference to be held on March 18, 2015 at 9:30 a.m.

In continuing the Defendant's trial, the Court considered the factors outlined in 18 U.S.C. § 3161, and found that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial. Specifically, the Court finds that this time shall be excluded from speedy trial computation because the failure to grant a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(7)(B)(iv).

As a final matter, the Court modified the conditions of the Defendant's pretrial release in order to make accessability to counsel easier. The Court **ORDERED** that the Defendant must report to the United States Probation Office in Martinsburg, West Virginia, on every other Monday, beginning on Monday, February 23, 2015, and must call into probation on the alternate Mondays.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 13, 2015

GINA M. GROH
UNITED STATES DISTRICT JUDGE